IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA　　　　*
　　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　*　　Criminal No. JFM-10-0497
v.　　　　　　　　　　　　　　　*　　Civil No. – JFM-14-919
　　　　　　　　　　　　　　　　*
ISAAC EDWARDS　　　　　　　　　*
　　　　　　　　　　　　　　******

## MEMORANDUM

Isaac Edwards has filed this motion under Section 28 U.S.C. §2255.  Edwards contends that he was wrongfully sentenced as an armed career criminal under 18 U.S.C. §24(e), and that the fifteen year sentence imposed upon him exceeded the statutory maximum to which he would have been subject had he not been an armed career criminal.

The case turns upon interpretation of state court records.  Edwards entered the plea of "probation before judgment" to charges of resisting arrest and possession of marijuana.  He subsequently violated his probation.  An order signed by Judge Nathan Braverman of the Maryland District Court recites that when Edwards appeared on the violation of probation charge, the order which had been entered granting probation before verdict was stricken and that "guilty verdict imposed."

Edwards contends that this order is ambiguous and that it does not clearly state that a guilty verdict was imposed on the resisting arrest charge (which forms the basis for finding that Edwards was an armed career criminal.)  Edwards also points to commitment orders thereafter entered by the Clerk of the Maryland District Court which appear to reflect that Edwards was found guilty only on the marijuana charge.

1

In my judgment the court order entered by Judge Braverman was unambiguous. It said "guilty verdict imposed" and did not state that the guilty verdict was imposed as to the marijuana charge only. I do not believe that any doubt existed as to what Judge Braverman did but the Government has also submitted an affidavit from Judge Braverman indicating that he "ordered that the stay of judgment granted on June 9, 2006 be stricken and that guilty verdicts be imposed as to each charge referenced on the docket sheet."

I am fully satisfied that Edwards was found guilty of resisting arrest unquestionably a predicate conviction under the Armed Career Criminal Act, and that Edwards was properly sentenced as an armed career criminal.

A separate order denying Edwards' motion to vacate under 28 U.S.C. §2255 is being entered herewith.

Date: 10/20/14

J. Frederick Motz
United States District Judge